1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| UNILOC 2017 LLC, | **LEAD:** CASE NO. 8:19-CV-00780-AG-JDEx |
|---|---|
| | CASE NO. 8:19-CV-00781-AG-JDE |
| Plaintiff, | CASE NO. 8:19-CV-00783-AG-JDE |
| | CASE NO. 8:19-CV-00955-AG-JDE |
| v. | CASE NO. 8:19-CV-00956-AG-JDE |
| | CASE NO. 8:19-CV-00988-AG-JDE |
| MICROSOFT CORPORATION, | |
| | **STIPULATED PROTECTIVE ORDER** |
| Defendant. | |

Based upon the Stipulation of the parties (Dkt. 31, 31-1 in case no. 8:19-cv-00780-AG-JDE), the Court finds and orders as follows:

1.     **PURPOSES AND LIMITS OF THIS ORDER**

Discovery in this action is likely to involve confidential, proprietary, or private information requiring special protection from public disclosure and from use for any purpose other than this litigation. Thus, the Court enters this Protective Order. This Order does not confer blanket protections on all disclosures or responses to discovery, and the protection it gives from public disclosure and use extends only to the specific material entitled to confidential treatment under the applicable legal principles. This Order does not automatically authorize the filing

under seal of material designated under this Order. Instead, the parties must comply with L.R. 79-5.1 if they seek to file anything under seal. This Order does not govern the use at trial of material designated under this Order.

**2.      DESIGNATING PROTECTED MATERIAL**

**2.1     Over-Designation Prohibited.** Any party or non-party who designates information or items for protection under this Order as "PROTECTED DATA," "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" (a "designator") must only designate specific material that qualifies under the appropriate standards. To the extent practicable, only those parts of documents, items, or oral or written communications that require protection shall be designated. Designations with a higher confidentiality level when a lower level would suffice are prohibited. Mass, indiscriminate, or routinized designations are prohibited. Unjustified designations expose the designator to sanctions, including the Court's striking all confidentiality designations made by that designator. Designation under this Order is allowed only if the designation is necessary to protect material that, if disclosed to persons not authorized to view it, would cause competitive or other recognized harm. Material may not be designated if it has been made public, or if designation is otherwise unnecessary to protect a secrecy interest. If a designator learns that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that designator must promptly notify all parties that it is withdrawing the mistaken designation.

**2.2     Manner and Timing of Designations.**     Designation under this Order requires the designator to affix the applicable legend ("PROTECTED DATA", "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE") to each page that contains protected material. For testimony given in deposition or other proceeding, the designator shall specify all protected testimony and the level of protection being

1

asserted. It may make that designation during the deposition or proceeding, or may invoke, on the record or by written notice to all parties on or before the next business day, a right to have up to 21 days from the deposition or proceeding to make its designation.

2.2.1 A party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting party has identified which material it would like copied and produced. During the inspection and before the designation, all material shall be treated as HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY. After the inspecting party has identified the documents it wants copied and produced, the producing party must designate the documents, or portions thereof, that qualify for protection under this Order.

2.2.2 Parties shall give advance notice if they expect a deposition or other proceeding to include designated material so that the other parties can ensure that only authorized individuals are present at those proceedings when such material is disclosed or used. The use of a document as an exhibit at a deposition shall not in any way affect its designation. Transcripts containing designated material shall have a legend on the title page noting the presence of designated material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated, and the level of protection being asserted. The designator shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of the 21-day period for designation shall be treated during that period as if it had been designated HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY unless otherwise agreed. After the expiration of the 21-day period, the transcript shall be treated only as actually designated.

**2.3 Inadvertent Failures to Designate.** An inadvertent failure to designate does not, standing alone, waive protection under this Order. Upon timely

assertion or correction of a designation, all recipients must make reasonable efforts to ensure that the material is treated according to this Order.

**3.      CHALLENGING CONFIDENTIALITY DESIGNATIONS**

All challenges to confidentiality designations shall proceed under L.R. 37-1 through L.R. 37-4.

**4.      ACCESS TO DESIGNATED MATERIAL**

**4.1      Basic Principles.** A receiving party may use designated material only for this litigation. Designated material may be disclosed only to the categories of persons and under the conditions described in this Order. Designated material must be stored and maintained by a receiving party at a location in the United States and in a secure manner that ensures that access is limited to the persons authorized under this Order. Designated material must not be transported by any recipient to any location outside the United States.

**4.2      Disclosure of CONFIDENTIAL Material Without Further Approval.** Unless otherwise ordered by the Court or permitted in writing by the designator, a receiving party may disclose any material designated CONFIDENTIAL only to citizens or permanent residents of the United States that are one of the following:

**4.2.1**  The receiving party's outside counsel of record in this action and employees of outside counsel of record to whom disclosure is reasonably necessary;

**4.2.2**  Three (3) officers, directors, and employees of the receiving party to whom disclosure is reasonably necessary, and who have signed the Agreement to Be Bound (Exhibit A);

**4.2.3**  Experts retained by the receiving party's outside counsel of record to whom disclosure is reasonably necessary, and who have signed the Agreement to Be Bound (Exhibit A);

**4.2.4**  The Court and its personnel;

1       **4.2.5** Outside court reporters and their staff, professional jury or trial

2 consultants (as well as independent mock jurors during the course of a mock jury

3 exercise), and professional vendors to whom disclosure is reasonably necessary,

4 and who have signed the Agreement to Be Bound (Exhibit A);

5       **4.2.6** During their depositions, witnesses in the action to whom

6 disclosure is reasonably necessary and who have signed the Agreement to Be

7 Bound (Exhibit A); and

8       **4.2.7** The author or recipient of a document containing the material, or

9 a custodian or other person who otherwise possessed or knew the information.

10       **4.3**    **Disclosure of HIGHLY CONFIDENTIAL – ATTORNEY EYES**

11 **ONLY and HIGHLY CONFIDENTIAL – SOURCE CODE Material Without**

12 **Further Approval.** Unless permitted in writing by the designator, a receiving party

13 may disclose material designated HIGHLY CONFIDENTIAL – ATTORNEY

14 EYES ONLY or HIGHLY CONFIDENTIAL – SOURCE CODE without further

15 approval only to citizens or permanent residents of the United States that are one of

16 the following:

17       **4.3.1** The receiving party's outside counsel of record in this action

18 and employees of outside counsel of record to whom it is reasonably necessary to

19 disclose the information;

20       **4.3.2** The Court and its personnel;

21       **4.3.3** Outside court reporters and their staff, professional jury or trial

22 consultants (as well as independent mock jurors during the course of a mock jury

23 exercise), and professional vendors to whom disclosure is reasonably necessary,

24 and who have signed the Agreement to Be Bound (Exhibit A); and

25       **4.3.4** The author or recipient of a document containing the material, or

26 a custodian or other person who otherwise possessed or knew the information.

27       **4.4**    **Procedures for Approving or Objecting to Disclosure of HIGHLY**

28 **CONFIDENTIAL – ATTORNEY EYES ONLY or HIGHLY**

**CONFIDENTIAL – SOURCE CODE Material to In-House Counsel or Experts.** Unless agreed to in writing by the designator:

      **4.4.1** A party seeking to disclose to an expert retained by outside counsel of record any information or item that has been designated HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY or HIGHLY CONFIDENTIAL – SOURCE CODE must first make a written request to the designator that (1) identifies the general categories of HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY or HIGHLY CONFIDENTIAL – SOURCE CODE information that the receiving party seeks permission to disclose to the expert, (2) sets forth the full name of the expert and the city and state of his or her primary residence, (3) attaches a copy of the expert's current resume, (4) identifies the expert's current employer(s), (5) identifies each person or entity from whom the expert has received compensation or funding for work in his or her areas of expertise (including in connection with litigation) in the past five years, (6) identifies (by name and number of the case, filing date, and location of court) any litigation where the expert has offered expert testimony, including by declaration, report, or testimony at deposition or trial, in the past five years; and (7) identifies the general subject matter of all unpublished patent applications naming that individual as an inventor. If the expert believes any of this information at (4) - (7) is subject to a confidentiality obligation to a third party, then the expert should provide whatever information the expert believes can be disclosed without violating any confidentiality agreements, and the party seeking to disclose the information to the expert shall be available to meet and confer with the designator regarding any such confidentiality obligations.

      **4.4.2** A party that makes a request and provides the information specified in paragraphs 4.4.1 or 4.4.2 may disclose the designated material to the identified in-house counsel or expert unless, within seven days of delivering the request, the party receives a written objection from the designator providing

detailed grounds for the objection.

**4.4.3** All challenges to objections from the designator shall proceed under L.R. 37-1 through L.R. 37-4.

## 5. SOURCE CODE

**5.1** **Designation of Source Code**. If production of source code is necessary, a party may designate it as HIGHLY CONFIDENTIAL – SOURCE CODE if it is, or includes, confidential, proprietary, or trade secret source code.

**5.2** **Location and Supervision of Inspection**. Any HIGHLY CONFIDENTIAL – SOURCE CODE produced in discovery shall be made available for inspection, in a format allowing it to be reasonably reviewed and searched, during normal business hours or at other mutually agreeable times, at an office of the designating party's counsel or another mutually agreeable location. Once a designating party makes available its Source Code, the inspecting party shall provide notice of its intent to review that Source Code at least seven (7) business days in advance of the initial inspection, and three (3) business days in advance of any subsequent inspection. The source code shall be made available for inspection on a secured, "stand-alone" computer (a computer that is not linked to any network, including a local area network "LAN", an intranet, or the Internet) in a secured room, and the inspecting party shall not copy, remove, or otherwise transfer any portion of the source code onto any recordable media or recordable device. No recordable media, recordable devices, computers, cell phones, or other electronic devices may be brought into the secured room, but handwritten notes may be taken in the secured room, so long as those handwritten notes do not copy verbatim any lines of the Source Code. The designator may visually monitor the activities of the inspecting party's representatives during any source code review, but only to ensure that there is no unauthorized recording, copying, or transmission of the source code. The inspecting party shall make reasonable efforts to restrict its requests for such access to the stand-alone computer(s) to normal business hours,

6

which for purposes of this paragraph shall be 9:00 a.m. through 6:00 p.m. local time. All persons who will review source code on behalf of a receiving party, including members of the receiving party's law firm, shall be identified in writing to the producing party at least 48 hours in advance of the first time that such person reviews such source code. Such identification shall be in addition to any other disclosure required under this Order.

**5.3** **Paper Copies of Source Code Excerpts**. The inspecting party may request paper copies of limited portions of source code not to exceed 250 pages for any one accused product, and with no contiguous block greater than 35 pages, that are reasonably necessary for the preparation of court filings, pleadings, expert reports, other papers, or for deposition or trial. The receiving party may request to print additional pages beyond the aforementioned limits; the parties will meet and confer in good faith within three (3) business days regarding such a request, and such a request will not be unreasonably denied. If the producing party does not agree to the request of the receiving party, the producing party will not object to the receiving party's request for expedited briefing regarding the producing party's denial of the request. The designator shall provide all such source code in paper form, including Bates numbers and the label "HIGHLY CONFIDENTIAL – SOURCE CODE." The inspecting party shall maintain a log of all paper copies of the source code including the names of the custodian(s) or location(s) where the paper copies are store when not in use. No more than a total of (5) individuals identified by the receiving party shall have access to the printed portions of source code (except insofar as such code appears in any court filing or expert report). The inspecting party shall provide a copy of this log to the producing party within seven (7) days of any request by the producing party.

**5.4** **Access Record**. The inspecting party shall maintain a record of any individual who has inspected any portion of the source code in electronic or paper form, and shall maintain all paper copies of any printed portions of the source code

7

in a secured, locked area. The inspecting party shall not convert any of the information contained in the paper copies into any electronic format other than for the preparation of a pleading, exhibit, expert report, discovery document, deposition transcript, or other Court document. Any paper copies used during a deposition shall be retrieved at the end of each day and must not be left with a court reporter or any other unauthorized individual.

    **5.5 Transfer of Source Code.** The producing party will make printed paper copies of its source code available for pick-up via secure and reliable hand carry at the location where the source code was inspected.  After taking possession of the paper copies of source code, the receiving party can only transport the paper copies of source code via secure and reliable hand carry, except that the receiving party may transmit paper copies of the source code to other individuals at the receiving party via Federal Express only if necessary and only if 1) the paper copies of the source code are transported overnight on a day when it is certain that an individual of the receiving party will be at the receiving address to receive the package at the time of delivery; 2) signature is required for receipt of the package; 3) the tracking number is provided to the producing party, 4) the receiving party confirms arrival of the package and its contents upon receipt, and 5) the producing party is notified if the package does not arrive as expected and scheduled.  Paper copies of source code transmitted in a single package should never exceed 35 pages, and source code paper copies may not be transported or transmitted electronically over a network of any kind or the Internet at any time.

**6. HANDLING OF PROTECTED DATA**

  **6.1 Protected Data.** "Protected Data": refers to any information that a party or non-party reasonably believes to be subject to federal, state or foreign Data Protection Laws or other privacy obligations. Protected Data constitutes highly sensitive materials requiring special protection. Examples of such Data Protection Laws include, without limitation, The Gramm-Leach-Bliley Act, 15 U.S.C. § 6801

8

et seq. (financial information); The Health Insurance Portability and Accountability Act ("HIPAA") and the regulations thereunder, 45 CFR Part 160 and Subparts A and E of Part 164 (medical information); Regulation (EU) 2016/679 Of the European Parliament and of the Council of 27 April 2016 on the Protection of Natural Persons with Regard to the Processing of Personal Data and on the Free Movement of Such Data, also known as the General Data Protection Regulation ("GDPR").

**6.2    Disclosure of Protected Data.**  Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any information or item designated "PROTECTED DATA" only to certain groups of individuals that can receive HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY materials, as indicated in Section 4.3 herein.

**6.3**    The parties agree that productions of Protected Data Information may require additional safeguards pursuant to Federal, State or foreign statutes, regulations or privacy obligations and will meet and confer to implement these safeguards if and when needed.

# 7.    <u>PROSECUTION BAR</u>

Absent written consent from the designator, any individual who receives access to HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY or HIGHLY CONFIDENTIAL – SOURCE CODE information shall not be involved in the prosecution of patents or patent applications concerning the field of the invention of the patents-in-suit for the receiving party or its acquirer, successor, predecessor, or other affiliate during the pendency of this action and for one year after its conclusion, including any appeals. "Prosecution" means drafting, amending, advising on the content of, or otherwise affecting the scope or content of patent claims or specifications. These prohibitions shall not preclude counsel from participating in reexamination or inter partes review proceedings to challenge or

defend the validity of any patent, but counsel may not participate in the formulation or drafting of amended claims in any such proceedings.

**8.      PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

**8.1      Subpoenas and Court Orders**.  This Order in no way excuses non-compliance with a lawful subpoena or court order. The purpose of the duties described in this section is to alert the interested parties to the existence of this Order and to give the designator an opportunity to protect its confidentiality interests in the court where the subpoena or order issued.

**8.2      Notification Requirement**.  If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as PROTECTED DATA, CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY, or HIGHLY CONFIDENTIAL – SOURCE CODE, that party must:

**8.2.1**  Promptly notify the designator in writing. Such notification shall include a copy of the subpoena or court order;

**8.2.2**  Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order. Such notification shall include a copy of this Order; and

**8.2.3**  Cooperate with all reasonable procedures sought by the designator whose material may be affected.

**8.3      Wait For Resolution of Protective Order**.  If the designator timely seeks a protective order, the party served with the subpoena or court order shall not produce any information designated in this action as PROTECTED DATA, CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY or HIGHLY CONFIDENTIAL – SOURCE CODE before a determination by the court where the subpoena or order issued, unless the party has obtained the designator's

permission. The designator shall bear the burden and expense of seeking protection of its confidential material in that court.

**9.     UNAUTHORIZED DISCLOSURE OF DESIGNATED MATERIAL**

If a receiving party learns that, by inadvertence or otherwise, it has disclosed designated material to any person or in any circumstance not authorized under this Order, it must immediately (1) notify in writing the designator of the unauthorized disclosures, (2) use its best efforts to retrieve all unauthorized copies of the designated material, (3) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (4) use reasonable efforts to have such person or persons execute the Agreement to Be Bound (Exhibit A).

**10.     INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

Nothing in this Order shall require the production of documents, information or other material that a Party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privilege, doctrine or immunity. When a producing party gives notice that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review pursuant to Federal Rule of Evidence 502(d) and (e).

**11.     FILING UNDER SEAL**

Without written permission from the designator or a Court order, a party may not file in the public record in this action any designated material. A party seeking to file under seal any designated material must comply with L.R. 79-5.1. Filings may be made under seal only pursuant to a court order authorizing the sealing of the specific material at issue. The fact that a document has been designated under this Order is insufficient to justify filing under seal. Instead, parties must explain the

11

1  basis for confidentiality of each document sought to be filed under seal. Because a

2  party other than the designator will often be seeking to file designated material,

3  cooperation between the parties in preparing, and in reducing the number and extent

4  of, requests for under seal filing is essential. If a receiving party's request to file

5  designated material under seal pursuant to L.R. 79-5.1 is denied by the Court, then

6  the receiving party may file the material in the public record unless (1) the

7  designator seeks reconsideration within four days of the denial, or (2) as otherwise

8  instructed by the Court.

9  **12.  <u>FINAL DISPOSITION</u>**

10       Within 30 days after the final disposition of this action, each party shall

11  return all designated material to the designator or destroy such material, including

12  all copies, abstracts, compilations, summaries, and any other format reproducing or

13  capturing any designated material. The receiving party must submit a written

14  certification to the designator by the 30-day deadline that (1) identifies (by

15  category, where appropriate) all the designated material that was returned or

16  destroyed, and (2) affirms that the receiving party has not retained any copies,

17  abstracts, compilations, summaries, or any other format reproducing or capturing

18  any of the designated material. This provision shall not prevent outside counsel

19  from retaining an archival copy of all pleadings, motion papers, trial, deposition,

20  and hearing transcripts, legal memoranda, correspondence, deposition and trial

21  exhibits, expert reports, undisclosed attorney work product, and undisclosed

22  consultant and expert work product, even if such materials contain designated

23  material. Any such archival copies remain subject to this Order.

24       IT IS SO ORDERED.

25  DATED: September 13, 2019

26

27  JOHN D. EARLY

28  United States Magistrate Judge

12

## EXHIBIT A

## AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury

that I have read in its entirety and understand the Protective Order that was issued

by the United States District Court for the Central District of California on

September 13, 2019 in the case of *Uniloc 2017 LLC v. Microsoft Corporation*, Case

No. 8:19-cv-00780-AG-JDE . I agree to comply with and to be bound by all the

terms of this Protective Order, and I understand and acknowledge that failure to so

comply could expose me to sanctions and punishment for contempt. I solemnly

promise that I will not disclose in any manner any information or item that is

subject to this Protective Order to any person or entity except in strict compliance

with this Order.

I further agree to submit to the jurisdiction of the United States District Court

for the Central District of California for the purpose of enforcing this Order, even if

such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and

telephone number] as my California agent for service of process in connection with

this action or any proceedings related to enforcement of this Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____
                     [printed name]

Signature: _____
                [signature]

13